UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                    :
SUNBELT RENTALS, INC.,                              :
                                                    :        CASE NO. 1:13-CV-1433
                    Plaintiff,                       :
                                                    :
v.                                                  :        OPINION & ORDER
                                                    :        [Resolving Doc. No. 82, 86, & 100]
TUDOR INSURANCE COMPANY *et al*.,                   :
                                                    :
                    Defendants.                     :
                                                    :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        In this action for a declaratory judgment regarding whether Plaintiff Sunbelt Rentals, Inc. has

liability insurance coverage for the 2011 accident that is the subject of a state court wrongful death

action, Defendants William Baumann, Baumann Enterprises, Inc., Insurance Specialists Group, R-T

Specialty, LLC, Repath McAuley Woods LLC, Ryan Services Group, LLC, and Tudor Insurance

Company ("Defendants") jointly move the Court for a stay pending the resolution of the state court

tort action.[1] Plaintiff Sunbelt opposes this motion.[2]  For the below reasons, the Court **DENIES**

Defendants' motion to stay.

## I. Background

        On June 28, 2013, Plaintiff Sunbelt filed a complaint seeking a declaratory judgment against

Tudor Insurance Company and various negligence claims against the other defendants.  Its complaint

said that it was entitled to both a defense and indemnity for a 2011 accident that is the subject of a

state court wrongful death action, *O'Donnell v. Sunbelt Rentals*.[3]

---

[1] Docs. 82, 100.

[2] Doc. 86.

[3] Doc. 1.  Plaintiff has since amended its complaint, adding additional defendants and claims.  Doc. 32.

Case No. 1:13-CV-1433
Gwin, J.

On November 11, 2013, Plaintiff amended its complaint to seek: (1) a declaratory judgment that Defendant Tudor Insurance is obligated to indemnify and defend Sunbelt in the *O'Donnell* action; (2) a declaratory judgment that Defendant Tudor Insurance is required to pay Sunbelt's attorneys fees and expenses in this case; (3) extra-contractual damages due to Defendant Tudor Insurance's alleged bad faith; (4) indemnification from Defendants Baumann Enterprises and William Baumann; (5) damages due to breach of contract by Defendant Baumann Enterprises; and (6) damages due to various other defendants' negligence regarding adding Plaintiff to the Tudor Insurance policy.[4]

At the time Plaintiff filed its complaint, the underlying state court tort lawsuit had been scheduled for trial and was progressing on a time-line that would have concluded the state court tort trial in advance of the discovery and dispositive motions deadlines in the federal action, set for March and April 2014.

The *O'Donnell* case has since been continued and is now set for trial on August 18, 2014.[5]

Defendants now move the Court for a stay until the *O'Donnell* action is resolved. They say that the Court should stay the federal action because the outcome of the state court case will answer factual questions that are determinative to the coverage issues in the federal action; the state court is in the best position to answer factual questions, especially with regard to negligence; a stay pending resolution of the state court case would efficiently narrow any breach of contract claims to the defense costs incurred; and a stay would minimize costs for parties.[6]

---

[4] Doc. 32.

[5] Doc. 82 at 3.

[6] *Id.* at 3-4; Doc. 100.

-2-

Case No. 1:13-CV-1433
Gwin, J.

Plaintiff Sunbelt opposes.[7/]  The Court now considers Defendants' motion.

## II. Legal Analysis

A district court may exercise its discretion to stay an action for a declaratory judgment during the pendency of a parallel state court proceeding.[8/]

Generally, in deciding whether to exercise jurisdiction over a request for declaratory judgment, courts consider: (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the relevant legal relationships; (3) whether the declaratory remedy is being used as mere "procedural fencing" or "to provide an arena for a race to res judicata"; (4) whether the declaratory action would increase friction between the state and federal courts; and (5) whether a better or more effective alternative remedy exists.[9/]

On balance, these factors weighs in favor of denying Defendants' request to stay the action.

### A.     Settling the Controversy

Though arising from the same nucleus of facts, the portion of this federal lawsuit seeking a declaratory judgment is distinct from the state tort action.  Although this federal lawsuit would not settle the question of parties' negligence with regard to the *O'Donnell* tort action, it would answer the separate question of whether Plaintiff Sunbelt was an insured under Tudor Insurance's policy and whether Defendant Tudor Insurance has a duty to defend Plaintiff Sunbelt.  Unlike in the state tort action, where the relevant negligence is that related to the accident resulting in the alleged wrongful death, the negligence issues involved in the action before this Court arise from the circumstances

---

[7] Doc. 86.

[8] *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995); *Brillhart v. Excess Inc. Co. of Am.*, 316 U.S. 491 (1942).

[9] *Grand Trunk W. R.R. Co. v. Consol. Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984).

Case No. 1:13-CV-1433
Gwin, J.

surrounding whether Plaintiff was insured under the Tudor insurance policy.

Here, the relevant questions of whether Defendant Tudor Insurance has a duty to defend Plaintiff Sunbelt and whether Plaintiff Sunbelt is entitled to insurance coverage do not depend on the outcome of the *O'Donnell* case.  The issues in this case are more closely related to the breaches of contract that Plaintiff alleges, and the coverage issues in this lawsuit do not turn on whether Plaintiff Sunbelt is found to be negligent in the underlying state court *O'Donnell* action – the factual and legal issues in these two cases are distinct.

Therefore, this factor does not favor granting the stay as Defendants request.

**B.    Serving a Useful Purpose**

The second factor, whether the declaratory action would serve a useful purpose in clarifying the relevant legal relationships, favors this Court maintaining jurisdiction.  As described above, a declaratory judgment by this court on the issues of coverage in addition to Sunbelt's contractual and negligence claims certainly will clarify the legal relationship between the parties and their respective obligations.[10]

**C.    Being "Procedural Fencing" or "An Arena For a Race to Res Judicata"**

The third factor, which examines whether the plaintiff is engaged in "procedural fencing" or whether the federal court's maintenance of jurisdiction will provide "an arena for a race to res judicata, similarly favors denying the motion to stay."  "A district court should not deny jurisdiction to a plaintiff who has not done any more than choose the jurisdiction of federal rather than state

---

[10] *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546,  557 (6th Cir. 2008) ("[I]t is almost always the case that if a declaratory judgment will settle the controversy, then it will clarify the . . . legal relationships presented to the district court.").

Case No. 1:13-CV-1433
Gwin, J.

court, a choice given by Congress."[11]

Here, there is nothing to suggest that Plaintiff Sunbelt has filed this action motivated by "procedural fencing" or to race for "res judicata." Therefore, this factor does not favor granting the motion to stay.

### D.     Increasing Friction Between the State and Federal Courts

The fourth factor, whether accepting jurisdiction would increase friction between federal and state courts, favors denying the motion to stay. In considering this factor, three sub-factors are relevant:

> (1) whether the underlying factual issues are important to an informed resolution of the case;
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (3) whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.[12]

For the same reasons discussed above, the first two of these sub-factors favor denying the motion to stay. The issues that the declaratory judgment would resolve turn on the terms of the insurance policy and the action of the parties regarding coverage prior to the accident that underlays the state tort action.

The state trial court is not in a better position than the federal court to evaluate the factual issues associated with these essentially contract dispute issues regarding the duty to defend and the insurance coverage of Plaintiff Sunbelt.

Since the Court will need to apply Ohio common law on coverage, contracts, and negligence,

---

[11] *Id.* at 558 (citations and internal quotation marks omitted).
[12] *Id.* at 560 (citations omitted).

-5-

Case No. 1:13-CV-1433
Gwin, J.

the third sub-factor favors granting the motion to stay.

On balance, however, the fourth factor suggests that accepting jurisdiction and denying the motion to stay would not increase friction between federal and state courts.

### E.      Existence of Alternative Remedies

The final factor to consider is the availability of alternative remedies.  Defendants argue that a better remedy would be for the Court to stay the federal action so that the state court could resolve underlying factual issues.

Certainly potential alternative remedies exist for Plaintiff.  Plaintiff Sunbelt could have sought a declaratory judgment in state court or could have filed an indemnity action at the conclusion of the state action.  It is not clear, however,  whether such alternative remedies in this case would be better or more effective than this federal declaratory action.[13]

On the whole, with regard to the motion before the Court, the Court finds that the federal declaratory judgment is no less effective than any potential alternative available.  Therefore, this factor does not strongly counsel in favor of granting the stay either.

### III. Conclusion

For the foregoing reasons, the Court **DENIES**  Defendants' motion to stay.

IT IS SO ORDERED.

Dated: March 20, 2014                    s/      *James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE

_____

[13] *See id.* at 562.